# CSM Legal, P.C.
Employment and Litigation Attorneys

| | |
|---|---|
| 60 E. 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

April 28, 2023

**VIA ECF**
Hon. Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      Re: <u>Carrera Torres et al v. Oaxaca Williamsburg LLC et al.,</u>
        <u>Docket No.: 21-cv-04804-JPO-SLC</u>

Dear Judge Cave:

  This office represents Plaintiffs in the above captioned matter. The parties have agreed to settle this matter. Kindly find a copy of the Settlement Agreement ("Agreement") attached hereto as <u>Exhibit A</u>.

  The parties respectfully request that the Court approve this settlement pursuant to <u>Cheeks v. Freeport Pancake House, Inc</u>., 796 F.3d 199 (2d Cir. 2015).

  In addition, the parties respectfully request that this Court retain jurisdiction for the purposes of enforcement, and that any dismissal with prejudice incorporate specific language that the Court retains jurisdiction over the settlement for purposes of enforcement.

  "To retain ancillary jurisdiction to enforce a settlement agreement, "a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." <u>Thurston v FlyFit Holdings, LLC</u>, 2020 US Dist LEXIS 98523, at *5 [SDNY June 3, 2020].

## I.   BACKGROUND

  Plaintiffs allege that Defendants David Schneider, and Vishal Dhar owned, operated, or controlled Oaxaca Williamsburg LLC, Oaxaca Bedford LLC, Oaxaca Bedford Avenue LLC, Oaxaca First Ave LLC, Oaxaca Murray Hill LLC, Oaxaca 33rd Street LLC, Oaxaca Hells Kitchen LLC, Oaxaca Halsey LLC, Oaxaca Greenwich LLC, Oaxaca Amsterdam LLC, Oaxaca Fourth LLC. The foregoing companies constitute a chain of Oaxaca restaurants located in New York City.

  Plaintiffs allege they are former employees of these restaurants. Moreover, Plaintiffs allege that they worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, spread of hours, and overtime compensation for the hours worked.

As a consequence of Plaintiffs allegations, Plaintiffs filed their Complaint against Defendants alleging claims for unpaid overtime wages, spread of hours pay, liquidated damages, interest, attorney's fees, and costs pursuant to The Fair Labor Standards Act of 1938, 29 U.S.C. 201 *et seq.*, the New York Minimum Wage Act, N.Y. Lab. Law 650 *et seq.*, and the Hospitality Industry Wage Order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, 146-1.6 (herein the Hospitality Industry Wage Order).

Additionally, Plaintiffs allege that they were not provided with accurate or lawful annual wage notice statements required by NYLL §195(1). Plaintiffs further allege that Defendants did not provide accurate and lawful wage statements coupled with each payment of wages (i.e. pay stubs), as required by NYLL §195(3). Plaintiffs are entitled to a three-year limitations period under the FLSA and a six-year limitations period under the NYLL. 29 U.S.C. § 255(a); N.Y. Lab. Law §§ 198(3), 663(3). (See generally ECF No. 1.).

During the course of the negotiations, Defendants denied Plaintiffs' allegations, arguing that their records demonstrated Plaintiffs were always paid properly, in accordance with all applicable laws. Despite these countervailing arguments, Defendants also demonstrated to Plaintiffs proof of their inability to pay a large settlement. This was mainly a result of existing financial difficulties that were further compounded by the COVID-19 pandemic, Defendants' business has been drastically affected. Specifically, this has resulted in unprecedented lost revenue, decreased sales and an overall strain on the business. Following bankruptcy proceedings, the business was wound down and the restaurants remain non-operational to date. Notwithstanding, after two mediation sessions and numerous telephonic settlement discussions between the parties, Defendants have agreed to resolve this matter for business related reasons, not because they felt they were in violation of the FLSA or NYLL, but because continued litigation was not feasible considering their financial state.

## II. **SETTLEMENT TERMS**

Plaintiffs initially alleged that they would be entitled to a total award of approximately $3,924,319.26 as best case scenario during the period of time covered by the FLSA and New York Labor Law. See 29 U.S. Code § 255 (two year statute of limitations for FLSA; three if willful violation); N.Y. Lab. Law § 198 (six year statute of limitations). In response, Defendants raised a number of arguments and defenses against liability and damages. Defendants disputed the pay rate and number of hours and weeks that Plaintiffs worked. Most importantly for Plaintiffs, Defendants showed that they are under significant financial burdens and have also been through bankruptcy proceedings. The delay that Plaintiffs are likely to experience in obtaining a judgment will also work against the likelihood that they will collect on a judgment in their favor.

Thus, in order to avoid the legal and factual risks of protracted litigation and the possibility of a trial and ultimately being unable to collect a judgment, the parties have agreed to an early settlement for the sum total of $180,000.00. This settlement is the result of arm's length negotiations between the parties. Both sides were represented by sophisticated counsel with extensive experience in wage-and-hour litigation.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (quoting Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (quoting Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v Scholastic Inc., 900 F Supp 2d 332, 335 [SDNY 2012] (quoting Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Information Networking Computing USA, Inc., No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also Kopera v. Home Depot U.S.A., Inc., No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

### III. ATTORNEYS' FEES

Plaintiffs' counsel will receive $53,437.76 total to compensate for attorney's fees, and costs of $1,726.60.

In Alvarez v Sterling Portfolio Inv. L.P, the Court ruled that a one-third attorney fee is typical with no requirement for a lodestar cross check. Alvarez v Sterling Portfolio Inv. L.P., 2017 US Dist LEXIS 206043, at *16 [EDNY Dec. 13, 2017]); See also Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al., Defendants., No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted). Accordingly, here, Plaintiffs' counsel respectfully requests Your Honor approve a one-third contingency fee plus costs.

It may be noted, Plaintiffs' counsel's lodestar in this case is $23,304.60. A copy of Plaintiffs' counsel's contemporaneous billing records is attached hereto as Exhibit B. The amount provided by Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in this Circuit. See Pinzon v. Jony Food Corp., No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the

swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting Hyun v. Ippudo USA Holdings et al., No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; Shapiro v. JPMorgan Chase & Co., No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); see also Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. See Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; see also McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). In addition, all parties to this settlement have already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

a. Catalina Sojo ("CS"), is the Managing Member of CSM Legal, P.C., formerly Michael Faillace & Associates. Ms. Sojo graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, Ms. Sojo focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at Viacom CBS. Her work is billed at a rate of $350 per hour.

b. Bryan D. Robinson is an associate at CSM Legal, P.C., formerly known as Michael Faillace & Associates. Attorney Bryan D. Robinson developed a background in representing plaintiffs in civil litigation and also defendants in criminal cases in Brownsville, Texas. Subsequently, attorney Bryan D. Robinson vigorously advocated for his clients in matters pertaining to Family and Employment Law in New York City. Mr. Robinson has managed a case load of over 65 employment related actions from intake to verdict in the Southern and Eastern Districts of New York. He graduated from Maurice A. Deane School of Law at Hofstra University in 2018, where his focus was Corporate law; notwithstanding, Mr. Robinson also represented immigrants against the threat of deportation through a student practice order as member of the Hofstra Law Deportation Defense Clinic. Prior to successfully obtaining his Juris doctor from Hofstra Law, Mr. Robinson attended Escuela Libre de Derecho in Mexico City, Mexico, where he obtained a diploma in Corporate Law. His ability to speak and write in the Spanish language has facilitated

    interaction with plaintiffs who only speak Spanish. Furthermore, this ability coupled with Mr. Robinson's legal background has granted him the opportunity to serve as an advisor to politicians both in Mexico, and in the United States. He is licensed to practice law in the Southern and Eastern Districts of New York, the Southern District of Texas, and also the state Courts of New York and Texas. Mr. Robinson is requesting an hourly rate of $300.00 (billing entries are denoted by "BR").

c. James McCartney was an associate at Michael Faillace & Associates, P.C. He is requesting an hourly rate of $450.00. Mr. McCartney has litigated labor and employment cases over the course of his 30-year career in the federal and local courts of New York, New Jersey and Puerto Rico. He graduated *cum* laude from the Widener University School of Law in Wilmington, DE in 1990. Mr. McCartney has tried dozens of cases, including labor an employment matters, to juries in each of the jurisdictions where he has practiced. His billing entries are denoted by "JM."

d. Paralegals ("PL") at CSM Legal, P.C. bill at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Cortes v. New Creators, Inc., 2016 U.S. Dist. LEXIS 79757, *19-20 (S.D.N.Y. June 20, 2016); see also Guallpa v. NY Pro Signs Inc., 2014 U.S. Dist. LEXIS 77033, *29 (S.D.N.Y. May 27, 2014).

## IV. CONCLUSION

In full consideration of the issues presented in both Cheeks and Wolinsky, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved and the case dismissed with prejudice. A stipulation of Final Dismissal will be filed for so-ordering upon receipt of confirmation from the Court that the settlement has been approved.

We thank the Court for the time and attention devoted to this matter.

        Respectfully submitted,

        By: /s/ Bryan D. Robinson
        Bryan D. Robinson, Esq.
        CSM Legal, P.C.
        *Attorneys for Plaintiff*